LAW OFFICES
**CHARLES A. GRUEN**
Attorneys for Defendant
Wells Fargo Bank, N.A.
381 Broadway, Suite 300
Westwood, New Jersey 07675
(201) 342-1212
(CG5456)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| JEFFREY BOWMAN and LAURIE BOWMAN,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>WELLS FARGO BANK, N.A. and AMERICAN BANKERS INSURANCE<br><br>　　　　　　　Defendants. | Civil Action No.: 10-2912-NLH-JS |

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT, WELLS FARGO BANK, N.A., TO PLAINTIFFS'
<u>FIRST AMENDED CIVIL ACTION COMPLAINT</u>

Defendant, WELLS FARGO BANK, N.A. (hereinafter referred to as "Defendant" or "WELLS FARGO"), by way of Answer to the Plaintiffs' First Amended Civil Action Complaint (hereinafter referred to as the "Complaint"), states as follows:

### I.　　As to Jurisdiction and Venue

1.　　Defendant denies that the jurisdiction of this Court has been properly invoked, and further denies each and every allegation against it contained within Paragraph 1 of Plaintiff's Complaint.

## II. As to The Parties

2. Defendant neither admits nor denies the allegations contained within Paragraph 2 of Plaintiffs' Complaint, and leaves Plaintiffs to their proofs thereof.

3. Defendant admits each and every allegation contained within Paragraph 3 of Plaintiffs' Complaint.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint do not appear directed at this Defendant and this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of Plaintiffs' Complaint, which therefore stand denied.

5. Defendant denies each and every allegation contained within Paragraph 5 of Plaintiffs' Complaint.

6. Defendant denies each and every allegation contained within Paragraph 6 of Plaintiffs' Complaint.

## III. As to Operative Facts

7. Defendant neither admits nor denies the allegations contained within paragraph 7 of Plaintiffs' Complaint, and leaves Plaintiffs to their proofs thereof.

8. Defendant neither admits nor denies the allegations contained within paragraph 8 of Plaintiffs' Complaint, and leaves Plaintiffs to their proofs thereof.

9. Defendant neither admits nor denies the allegations contained within paragraph 9 of Plaintiffs' Complaint, and leaves Plaintiffs to their proofs thereof.

10. Defendant denies the allegations contained within paragraph 10 of Plaintiffs' Complaint.

11. Defendant neither admits nor denies the allegations contained within paragraph 11 of Plaintiffs' Complaint, and leaves Plaintiffs to their proofs thereof.

12. Defendant denies the allegations contained within paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies each and every allegation contained within Paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies each and every allegation contained within Paragraph 14 of Plaintiffs' Complaint.

15. Defendant neither admits nor denies the allegations contained within paragraph 15 of Plaintiffs' Complaint, and leaves Plaintiffs to their proofs thereof.

16. Defendant neither admits nor denies the allegations contained within paragraph 16 of Plaintiffs' Complaint, and leaves Plaintiffs to their proofs thereof.

17. Defendant denies each and every allegation contained within Paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies each and every allegation contained within Paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies each and every allegation contained within Paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies each and every allegation contained within Paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies each and every allegation contained within Paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies each and every allegation contained within Paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies each and every allegation contained within Paragraph 23 of Plaintiffs' Complaint.

24. Defendant denies each and every allegation contained within Paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies each and every allegation contained within Paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies each and every allegation contained within Paragraph 26 of Plaintiffs' Complaint.

## AS TO COUNT I
### Fraud Act (CFA)

27. The allegations in Paragraph 27 of Plaintiffs' Complaint are legal conclusions requiring no response and Wells Fargo is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 27 of Plaintiffs' Complaint, which therefore are denied.

28. Defendant denies each and every allegation contained within Paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies each and every allegation contained within Paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies each and every allegation contained within Paragraph 30 of Plaintiffs' Complaint.

WHEREFORE, Defendant demands Judgment dismissing Plaintiffs' Complaint, in its entirety, and awarding counsel fees and costs of suit for defense of Plaintiffs' action to this Defendant.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against this Defendant upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed against this Defendant based on the independent doctrines of insufficiency of process, insufficiency of service of process and lack of in personam jurisdiction.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part due to their failure to comply with all conditions precedent and failure of consideration.

#### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish facts upon which liability can be imposed against this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Whatever injuries or damages that were sustained by the Plaintiffs were caused by third parties or instrumentalities over which this Defendant had no control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by virtue of the applicable Statute of Limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of Laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of Estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of payment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged claim under the Consumer Fraud Act is barred in whole or in part as against this Defendant because Plaintiffs' did not suffer "ascertainable loss" caused by any intentional act or omission of this Defendant and all essential requisites to recover are absent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged claim under the Consumer Fraud Act is barred in whole or in part due to Plaintiffs' failure to plead fraud with particularity, including without limitation, pleading fraud as required to set forth a claim according to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed and Plaintiffs should be compelled to go to Arbitration on the basis of the Arbitration Agreement entered into between the parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part due according to the terms and conditions of the insurance for which one or both Plaintiffs allegedly applied, including without limitation, the provision that states that any co-applicant will only be eligible for Life insurance coverage under such policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have presented a Complaint fraught with allegations and other factual contentions lacking in evidentiary support, which is being presented for an improper purpose, such as to harass this Defendant or to coerce this Defendant. Accordingly, Rule 11 sanctions should be imposed against the Plaintiffs.

## **DEMAND FOR DAMAGES CLAIMED**

PLEASE TAKE NOTICE that pursuant to Local Civil Rule 8G, the party filing this Answer requires that, within fourteen (14) days, Plaintiffs furnish it with a statement of the damages claimed.

## **CERTIFICATION**

I hereby certify that a copy of the within Answer was served within the time prescribed by Rule 12(a), as extended by Consent Order.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

To the best of the undersigned's knowledge, it is hereby certified that the matter in controversy is not the subject of any other pending or contemplated action in any court, nor is it the subject of any pending or contemplated arbitration or administrative proceeding.

                                    LAW OFFICES OF CHARLES A. GRUEN
                                    Attorneys for Defendant, Wells Fargo Bank, N.A.

                              By:    /s/ Charles A. Gruen
                                    CHARLES A. GRUEN (CG 5456)
                                    381 Broadway, Suite 300
                                    Westwood, NJ  07675
                                    (201) 342-1212

Dated:  August 12, 2010       .