Joseph A. Mullaney, III, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA  19063
Tel 610-616-5303
Fax 610-672-1944
Eml JMullaney@ConsumerLitigators.com

Attorneys for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
(CAMDEN DIVISION)

| | |
|---|---|
| JEFFREY BOWMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., *et al.* <br><br> Defendants. | CASE NO.: 1:10-cv-02912-NLH -JS |

Plaintiffs, by and through their counsel, Joseph A. Mullaney, III, and the Law Office of Dimitrios Kolovos, LLC, hereby submit their Brief and its Exhibits in Support of Plaintiffs' Notice of Motion to Amend the Civil Action Complaint.

**I.     INTRODUCTION AND RELEVANT FACTS**

Plaintiff Jeffrey Bowman and Laurie Bowman are husband and wife.  They applied for two consumer loans from Wells Fargo with Laurie as the primary applicant.  As agent, Wells Fargo offered the Bowmans credit insurance underwritten by American Bankers Insurance Company of Florida in the event the

Bowmans experienced life events, such as unemployment, that make repayment difficult.  Unemployment coverage was only available to the primary applicant, Laurie.  The Bowmans accepted the credit insurance, and then subsequently Laurie Bowman was laid off from her employment.  Laurie applied for coverage under the policies for each account, and Wells Fargo and ABI fraudulently denied the claims in bad faith and otherwise without good faith and fair dealings.  Laurie and Jeffrey sustained significant contractual and extra-contractual damages as a result of the denials.

The original Complaint was filed on June 8, 2010, based on diversity jurisdiction.  The Court *sua sponte* directed the Plaintiffs to refile their Complaint to allege the citizenship of the parties.  The Plaintiffs complied with the June 15, 2010 Order, and they filed their First Amended Complaint on June 25, 2010.  The Defendants both filed Answers.  Subsequent thereto, Plaintiff retained new attorneys with Joseph A. Mullaney entering his appearance on May 19, 2011.  Plaintiffs now seek to amend their First Amended Complaint to include additional causes of action predicated on the same core set of facts alleged in their original Complaint.

II.     STATEMENT OF THE QUESTION PRESENTED

     May Plaintiffs amend their Complaint to add additional causes of action against both named Defendants?

Suggested Answer:  Yes.  *See Fed. R. Civ. Proc*. 15(a)(2).

## III.  ARGUMENT

### *Fed. R. Civ. Proc*. 15(a)(2) Permits Parties to Amend their Pleadings to the Evidence.

After an Answer has been filed, a party may amend or supplement its pleadings "only with the opposing party's written consent or the court's leave… [and t]he court should freely give leave when justice so requires." *Fed. R. Civ. Proc*. 15(a)(2). *Rule* 15 "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc*., 434 F.3d 196, 202 (3d Cir. 2006) (citing *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), *cert. denied*, 125 S. Ct. 1976 (2005).  *Rule* 15 helps to "ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim." *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A trial court must generally grant a motion to amend unless equity would render such an amendment unjust. *Id*. (citing *Foman*, 371 U.S. at 182).

Plaintiffs recently retained new counsel in this matter, and they subsequently decided that additional counts were necessary to enable them to seeks damages appropriate to new causes of action in addition to the one-count existing Complaint.  In addition to their New Jersey Consumer Fraud Act count, the Plaintiffs determined that the following additional causes of action could lie:  Bad-Faith Refusal and Delay of Payment of First-Party Claims, Breach of Good Faith

and Fair Dealings, and Breach of Contract as well as the New Jersey Consumer Fraud Act.  All of these new causes are predicated on the same core set of facts alleged in the existing Complaint.  No new parties are added to the proposed amended complaint.  Because there is a new period of time upon which to conduct discovery, Defendants are not prejudiced if new causes are alleged as they will have amble time to discover facts supporting their defenses, if any, as well as Plaintiffs' facts in support of the new causes.

Plaintiff's proposed Second Amended Civil Action Complaint is attached hereto as Exhibit "A."  A redlined version is attached as Exhibit "B" so that the Court and parties may readily see the changes and amendments proposed.

## IV.   CONCLUSION

In accordance with the provisions of Rule 15(a)(2), Plaintiffs seek to amend their Civil Action Complaint as proposed in Exhibit "A" and redlined in Exhibit "B" with leave from the Court.

Respectfully submitted,

s/Joseph A. Mullaney, III
Joseph A. Mullaney, III, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA  19063
Tel 610-616-5303
Fax 610-672-1944

Dated: May 31, 2011                    Eml JMullaney@ConsumerLitigators.com